Raymond L. Stiff and Rose L. Stiff v. Commissioner.
Stiff v. Commissioner
Docket Nos. 74817, 84433.
United States Tax Court
T.C. Memo 1960-246; 1960 Tax Ct. Memo LEXIS 46; 19 T.C.M. (CCH) 1376; T.C.M. (RIA) 60246; November 21, 1960
*46 Held, that petitioners failed to establish that, for any of the taxable years involved, petitioner Raymond L. Stiff furnished more than half of the support for each of his three minor children by a prior marriage, who resided with his former wife. Dependency credits or exemptions for said children, under section 25(b)(1)(D) of the 1939 Code or sections 151(e) and 152(a) of the 1954 Code, denied as to all years involved. William C. Canby, Jr., Esq., for the petitioners. Walter O. Johnson, Esq., for *47 the respondent. PIERCE
Memorandum Findings of Fact and Opinion PIERCE, Judge: Respondent determined deficiencies in the income taxes of the petitioners, as follows: Docket
No.
Year
Deficiency
74817
1953
$442.79
1954
365.53
1955
360.00
1956
361.28
84433
1957
372.41 The cases were consolidated for trial. The sole issue for decision is whether, for each of the taxable years involved, petitioner Raymond L. Stiff is entitled to a dependency credit or exemption under section 25(b)(1)(D) of the 1939 Code or sections 151(e) and 152(a) of the 1954 Code, for each of his three minor children by a prior marriage, who resided with his former wife. The decision will turn on whether said petitioner, for each of said years, furnished over half of the support for each of said children. Findings of Fact Some of the facts have been stipulated. The stipulation of facts, together with the exhibits identified therein, is incorporated herein by reference. Petitioners Raymond L. and Rose L. Stiff were, during all taxable years here involved, husband and wife residing in Savage, Minnesota. They filed a joint income tax return for each of said *48 years with the district director of internal revenue for the district of Minnesota. Petitioner Raymond L. Stiff (hereinafter called the "petitioner") was from October 10, 1933, to May 15, 1950, married to Hazel H. Stiff. Three children were born of that marriage: Raymond, Jr., born February 24, 1940; Roderick, born April 15, 1943; and Mary Elayne, born February 11, 1946. Each of these children was, during all taxable years here involved, under 18 years of age. On May 15, 1950, Hazel obtained an uncontested divorce from petitioner, pursuant to a decree entered by the District Court for the Second Judicial District of Ramsey County, Minnesota. In said decree, the court approved a property settlement stipulation theretofore entered into by the parties, under which the following disposition of their property rights, and also of certain other rights and liabilities, was effected: Hazel was awarded custody and control of each of the parties' three above-mentioned minor children. Hazel was awarded ownership of all the parties' jointly owned furniture and household goods, and also of three cemetery lots that had theretofore been owned by the parties - the values of which properties *49 were not established herein. Petitioner, on the other hand, was awarded an automobile, various personal belongings and wearing apparel, and also various hunting and sporting equipment then in his possession. Hazel was made the beneficiary of certain life insurance policies, of unestablished principal amounts, on the lives of the children; she was made guardian of the bank accounts of the children, the amounts of which were not established; and she also was made the beneficiary of all Government bonds, of unestablished amounts, issued in the names of the children. Another life insurance policy for $4,000 issued on the life of petitioner, of which the children were the named beneficiaries, was to remain unchanged. Hazel was awarded all bank accounts, of unestablished amounts, which then belonged to the parties jointly. Out of a cash sum of $7,265.18 then jointly owned by the parties (all but $100 of which represented the proceeds from sale of the parties' homestead), $3,661.06
was awarded to Hazel individ-
ually. $631.95 of this amount
was designated as a reimburse-
ment to her for extraordinary
expenses which she had incurred
prior to the divorce.
575.00
was applied in payment of cer-
tain legal fees and real estate
commissions.
3,029.12
was transferred in trust, to a
third party individual, as trustee,
to be applied by said trustee, in
amounts hereinafter mentioned
but subject to the further orders
of the Ramsey County Court,
for the support and maintenance
of the above-mentioned minor
children until they all should
have attained the age of 21
years; and with any balance of
the trust fund then remaining,
to be paid over to said children
in equal shares, or to the issue
of any of them who had there-
tofore died.
*50 Petitioner was relieved from paying any amount for the support of said minor children, during the period from February 1950 through January 1951; but after February 1, 1951, he was to pay to Hazel for the support and maintenance of said children, the sum of $115 per month, provided that said sum was not an "unreasonable burden" upon him, based on his earnings. (Subsequently in August 1954, the petitioner's obligation to make payments for the support and maintenance of said children after April 1, 1954, was reduced to the amount of $90 per month, by order of the Ramsey County Court entered pursuant to stipulation of petitioner and Hazel.) The trustee of the above-mentioned trust was directed by the Ramsey County Court, pursuant to the stipulation of the parties, to make payments to Hazel for the support and maintenance of said children in the sums of $115 per month for the period from February 1950 through January 1951; and also to pay her for such purpose during periods subsequent to February 1, 1951, such amounts as the court might approve, in order to make up any deficiencies in the $115 payments of petitioner which might be an "unreasonable burden" for him to pay personally. *51 (Subsequently, after April 1, 1954, when the amounts of petitioner's payments were reduced to $90 per month as aforesaid, the Ramsey County Court, acting pursuant to stipulation of petitioner and Hazel, directed said trustee to make payments to Hazel for the support and maintenance of said children, in the amount of $25 per month, until further order of said court.) Said court also reserved jurisdiction to authorize said trustee, by subsequent order, to make payments from the trust fund for unusual and extraordinary expenses incurred on behalf of said children. Hazel waived all rights against petitioner for alimony or support for herself. Petitioner, during the several taxable years here involved, individually made payments to Hazel for the maintenance and support of the three above-mentioned minor children, as follows: $1,280 for the year 1953; $1,155 for the year 1954; and $1,080 for each of the years 1955, 1956, and 1957. No portions of said amounts were paid for the benefit of any particular child. Petitioner also, from time to time, made gifts to the children, particularly on their birthdays or at Christmas, which he estimated to have an aggregate value for all the children *52 of about $70 to $75 per year. The trustee of the above-mentioned trust, during the several taxable years here involved, made payments to Hazel for the maintenance and support of said children, as follows: $100 for the year 1953; $225 for the year 1954; and $300 for each of the years 1955, 1956, and 1957. Hazel, after obtaining the divorce from petitioner, purchased a house under a contract on which she made payments of $50 per month; and during all of the taxable years involved, she maintained this house as the home for herself and said minor children. Also during all of said years, Hazel provided for the children, from her own funds and the above-mentioned amounts which she received from petitioner and the trustee, all their clothing (other than various used clothing supplied from time to time by neighbors), all of their meals, and all of their medical and school needs; except that from February 1 to September 9, 1955, the oldest child, Raymond, Jr., was committed to the Ramsey County Boys Home in Minnesota, and during said 7-month commitment, his principal support was provided by Ramsey County at a cost to it of $4.42 per day, exclusive of clothing and laundry. Hazel, during *53 said commitment, continued to furnish Raymond, Jr., with clothing and laundry; and she also cared for him on weekends when he was allowed to come home. Petitioner has conceded on brief that he did not furnish over half of the support for Raymond, Jr. during the year 1955. Hazel also, during all years involved, sent the children to summer camps operated by Scout organizations. And in 1957, she purchased a secondhand piano, and provided piano and singing lessons for the daughter. Raymond, Jr. worked part time at a creamery during the year 1957; and also during said year, he and his brother earned small amounts delivering newspapers. None of the children had income of their own of as much as $600 for any taxable year. On about July 1, 1957, Hazel remarried; and she and her husband then moved to a new house. Thereafter both she and her husband contributed to the support and maintenance of the three minor children. Petitioner never visited at the home of Hazel and the children, except to call for the children twice a month on Saturday afternoons pursuant to his visitation privileges. He never saw the rooms or other living quarters which the children occupied in the home; he never *54 ate any meals in said home; and he never saw how the children were dressed or equipped for school. Also he had no knowledge as to what amounts Hazel actually expended for the support and maintenance of the children, either collectively or separately, during any of the taxable years here involved. There are no records or other evidence which tend to establish what was the total amount or value of the support and maintenance for any of the children for any year. Hazel, during all years involved, received wages from two or more concurrent employments; and she also received rentals of approximately $50 per month from two rooms which she rented in the family home. The amounts of her gross incomes and net incomes reported on her Federal income tax returns for the years 1953 through 1956, were as follows: Gross
Year
Income
Net Income
1953
$2,782.12
$2,373.75
1954
3,328.49
(standard deduc-
tion claimed)
1955
3,363.98
2,871.61
1956
3,863.57
3,393.65 For each of these years, Hazel claimed refunds of all or part of the income taxes withheld from her wages. For the year 1957 during which she remarried, Hazel and her new husband filed a joint income *55 tax return, on which they reported gross income of $11,621.21 and net income of $10,086.68. Hazel did not receive any gifts or inheritances during the years 1953 through 1957. The income which she earned during said years was used by her to maintain her family home and to care for herself and the children. Respondent, in his notices of deficiency herein, disallowed petitioners' claims to dependency credits or exemptions for all three children, for all taxable years involved, on the ground that they had failed to establish that any of said children was a dependent of theirs for any of said years. Opinion It is our opinion, based on our examination of the entire record in this case, that the petitioners have wholly failed to meet their burden of establishing that petitioner Raymond L. Stiff furnished more than half of the support and maintenance for any of the three above-mentioned children, for any of the taxable years involved. There is no evidence whatever, either as to the total amounts which actually were expended for the support and maintenance of any of said children in any taxable year; nor is there any evidence as to the value of the support and maintenance furnished *56 to any of said children for any year. The children's mother, Hazel, was unable to produce any records, and did not express any opinion, regarding such matters; and the father Raymond who was the only other witness, had no personal knowledge of the same, from which he could, or even attempt to, supply the deficiency in such essential evidence. On brief, petitioners presented an extensive analysis of the income tax returns which Hazel had filed for the several taxable years involved; and from this they have argued that she could not have contributed, from the amounts of income so reported, support and maintenance for the children which was equal to that supplied by petitioner Raymond. But such argument is neither adequate nor convincing. Hazel's income tax returns do not necessarily establish the sole sources of amounts which she may have had available for use in making contributions to the children's support; for the evidence shows specifically that, at the time of her divorce from Raymond, she received either for herself or on behalf of the children, various personal property, cash, bank accounts, insurance policies and bonds; and there is no evidence as to whether, when, how, or *57 to what extent, portions of the same may have been used for the children's benefits. Said returns do not qualify either as balance sheets or as net worth statements of Hazel, as to any year. Also, even as to the amounts of income reported on Hazel's returns, Raymond had no knowledge, and he made no attempt to testify, as to what portion of the income disclosed thereon, actually was expended by Hazel for the support and maintenance of any child, for any year. Likewise, there is no evidence in the record as to the value of the board and room which was supplied by Hazel in the family household, to any child in any year. The arguments presented in this regard are based on unsupported estimate and conjecture. Petitioners have conceded on brief, that they did not supply more than half of the support of Raymond, Jr. in the year 1955. In the above situation, it is unnecessary for us here to decide the disputed question as to whether any of the several amounts paid for the children's support from the trust fund which was established at the time of the divorce, may properly be regarded as additions to the amounts which Raymond contributed personally. We hold that petitioners have failed *58 to establish that any of the above-mentioned children was a dependent of theirs during any of the taxable years involved. We decide the issue before us in favor of the respondent. Decisions will be entered for the respondent.